UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEMETREE REAL ESTATE SERVICES, INC.** and **WOODLAKE VILLAS APARTMENTS PARTNERSHIP, LLP**,

Plaintiff,

v.     Case No. 8:25-CV-02654-WFJ-SPF

**CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-00, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-01, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-02, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-03, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-04, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO.AMR-40873-05, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-06, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-07, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, HDI GLOBAL SPECIALTY SE, HDI GLOBAL SPECIALTY SE, F/K/A INTERNATIONAL INSURANCE COMPANY OF HANOVER SE, INDIAN HARBOR INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, PRINCETON**

**EXCESS AND SURPLUS LINES INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, UNITED SPECIALTY INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY**, and **TRANSVERSE SPECIALTY INSURANCE COMPANY**,

   Defendants.
_____/

## ORDER

  Before the Court is Plaintiff Demetree Real Estate Services, Inc. and Woodlake Villas Apartments Partnership, LLP's Motion to Remand. Dkt. 15. Defendants have filed a response in opposition, Dkt. 23, and Plaintiffs have replied. Dkt. 33. Upon careful consideration, the Court denies Plaintiff's motion.

## BACKGROUND

  On November 20, 2014, Plaintiffs were issued an all risk property and casualty policy by Certain Interested Underwriters at Lloyd's London Subscribing to Policy No. AMR-40873-00 ("Lloyd's 14/15") and co-insurers Indian Harbor, Lexington, Princeton, QBE, Steadfast, United Specialty, General Security, and HDI Global. Dkt. 1-1 at 3. The coverage period was November 20, 2014 through November 20, 2015, during which time Plaintiffs allege that they suffered direct physical loss and damage to their covered property, from what Plaintiffs believe "may have been fungus, rot, rain, decay, termites eating wood, and/or collapse." *Id*. at 3–4.

Plaintiffs initiated a state court action regarding this agreement (Count 1), as well as seven others (Counts 2–8). Dkt. 1-1. On September 20, 2025, Defendants filed a Notice of Removal, and this case was removed to federal court. *See* Dkt. 1. The agreements underlying Counts 2–8 each had relevant arbitration provisions, and the Court thus compelled arbitration regarding these claims. *See* Dkt. 16 at 3–4. The agreement underlying Count 1 had no relevant arbitration provision, and it remains as the sole claim of this action not subject to arbitration. *Id.*

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") states that an "action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States". *See* 9 U.S.C. § 203. To determine whether an "action or proceeding" falls under the Convention, courts must perform a low-threshold inquiry: (1) the notice of removal must describe an arbitration agreement that *may* fall under the Convention; (2) there must be a *non-frivolous basis* to conclude that the agreement *sufficiently relates to* the case before the court such that the agreement to arbitrate *could conceivably* affect the outcome of the case. *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1323–24 (11th Cir. 2018) ("[A]s long as the argument that the case 'relates to' the arbitration agreement is not immaterial, frivolous, or made solely to obtain jurisdiction, the relatedness requirement is met for purposes of federal subject matter jurisdiction."). This inquiry analyzes the "action or proceeding" as a whole;

3

any dispute as to whether a specific claim within an action is subject to an arbitration agreement is "simply beyond the scope of the Court's jurisdictional inquiry." *Terra Towers Corp. v. Gelber Schachter & Greenberg, P.A.*, No. 22-21204-Civ-Scola, 2022 WL 2816722 at *4 (S.D. Fla. July 19, 2022); *see Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l Gmbh*, 921 F.3d 1291, 1300 (11th Cir. 2019) ("It makes far more sense to conclude Congress intended § 203 to be read consistently with § 205 as conferring subject-matter jurisdiction over actions or proceedings sufficiently related to agreements or awards subject to the Convention.").

Regarding the first prong, both parties agree that Defendants' Notice of Removal describes arbitration agreements that fall under the Convention—specifically the agreements of Counts 2–8. Dkt. 1 at 14; Dkt. 33 at 4. As to the second prong of the inquiry, there is at least a non-frivolous basis to conclude that the agreements underlying Counts 2–8 sufficiently relate to the present case, as all Counts arise under the same cause of action and concern the same damage, causes of loss, properties, and subject matter. *See* Dkt. 1 at 5–6. The Court thus finds that the relevant arbitration agreements could conceivably affect the outcome of the action as a whole. *See Terra Towers Corp.*, 2022 WL 2816722 at *4 (citing Beiser v. Weyler, 284 F.3d 665, 671 (5th Cir. 2002)) (denying motion to remand and finding that plaintiff's argument that certain claims were outside the scope impermissibly

4

combined the jurisdictional and merits inquiry of a motion to compel arbitration into a single stage); *Ytech 180 Units Mia. Beach Invs. LLC v. Certain Underwriters at Lloyd's*, 359 F. Supp. 3d 1253, 1262 (S.D. Fla. 2019) ("Regarding the second step of the jurisdictional inquiry Defendants have established lawsuit 'relates to' an arbitration agreement that falls under Convention. Plaintiff's Complaint seeks various declarations from the Court, including declaration of whether the Arbitration Clause is enforceable. Thus, Arbitration Clause could conceivably affect the outcome of Parties' dispute. Therefore, this Court has subject-matter-jurisdiction under the Convention.").

At the time of removal, *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1290 (11th Cir. 2000) ("[T]he proper inquiry is . . . whether the court had jurisdiction at the time of removal"), the Court finds this case to be an "action or proceeding falling under the Convention," which thus accords original subject matter jurisdiction for the entire action. *See* 9 U.S.C. § 203. Plaintiffs' Motion to Remand, Dkt. 15, is therefore **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on December 23, 2025.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record