UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEMETREE REAL ESTATE SERVICES, INC.** and **WOODLAKE VILLAS APARTMENTS PARTNERSHIP, LLP**,

    Plaintiff,

v.                                                 Case No. 8:25-CV-02654-WFJ-SPF

**CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-00, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-01, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-02, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-03, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-04, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO.AMR-40873-05, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-06, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. AMR-40873-07, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, HDI GLOBAL SPECIALTY SE, HDI GLOBAL SPECIALTY SE, F/K/A INTERNATIONAL INSURANCE COMPANY OF HANOVER SE, INDIAN HARBOR INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, PRINCETON**

**EXCESS AND SURPLUS LINES INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, UNITED SPECIALTY INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY**, and **TRANSVERSE SPECIALTY INSURANCE COMPANY**,

Defendants.
_____/

# ORDER

Before the Court is Defendants Certain Underwriters at Lloyd's, London subscribing to Policy No. AMR-40873-00 ("Lloyds 14/15"), Indian Harbor Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity Company of Arizona, and HDI Global Specialty SE's (collectively, the "2014–2015 Insurer Defendants") Motion to Dismiss per Rule 12(b)(6). Dkt. 17. Plaintiffs Demetree Real Estate Services, Inc. and Woodlake Villas Apartments Partnership, LLP have filed a response in opposition. Dkt. 29. Upon careful consideration, the Court denies Defendants' motion.

## BACKGROUND

On November 20, 2014, Plaintiffs were issued an all risk property and casualty policy (the "policy") by Lloyd's 14/15 and the remaining 2014–2015 Insurer

Defendants as co-insurers. Dkt. 1-1 ¶¶ 2–3. The coverage period was November 20, 2014, through November 20, 2015, during which time Plaintiffs allege that they suffered direct physical loss and damage to their covered property, from what Plaintiffs believe "may have been fungus, rot, rain, decay, termites eating wood, and/or collapse." *Id.* ¶¶ 7–8.

Plaintiffs initiated a state court action alleging breach of contract regarding this policy (Count 1), as well as seven other policies (Counts 2–8). *See generally id.* On September 20, 2025, Defendants filed a Notice of Removal, and this case was removed to federal court. *See* Dkt. 1. The policies underlying Counts 2–8 each had arbitration provisions, s*ee* Dkt. 16 at 3–4, and the Court thus compelled arbitration regarding these claims. Dkt. 32. The policy underlying Count 1 contained no arbitration provision, and it remains the sole claim in this action not subject to arbitration.

## DISCUSSION

Count 1 alleges that covered property suffered damage at some point during the November 20, 2014, through November 20, 2015, coverage period of the policy. Dkt. 1-1 ¶¶ 7–8. The statute governing this claim reads as follows: "Actions other than for recovery of real property shall be commenced as follows: WITHIN FIVE YEARS.— . . . [A]n action for breach of a property insurance contract, *with the period running from the date of loss*." Fla. Stat. § 95.11(2)(e) (emphasis added).

3

The contention at the heart of this matter is whether section 95.11(2)(e) is a statute of limitations or a statute of repose. The main difference lies in that a statute of limitations provides a time limitation for filing suit after the accrual of the cause of action, whereas a statute of repose prevents the cause of action from arising after its time limitation. *See Nehme v. SmithKline Beecham Clinical Labs, Inc.*, 863 So. 2d 201, 208 (Fla. 2003); *Romero v. Toyota Motor Corp.*, 916 F. Supp. 2d 1301, 1313 (S.D. Fla. 2013) ("The Florida Supreme Court recognized in *Nehme* that statutes of repose can often have the harsh result of extinguishing causes of action even before they accrue—i.e., without regard to the merits of the claim or the claimant's knowledge of a defect.").

Another difference—core to the present motion—is that a statute of limitations is subject to an assertion of equitable estoppel or tolling, whereas a statute of repose creates an absolute bar to untimely actions and outright extinguishes a right of action. *See Nat'l Auto Serv. Ctrs., Inc. v. F/R 550*, LLC, 192 So.3d 498, 513 (Fla. 2d DCA 2016) ("It would be incongruous with the conception of a statute of repose, which absolutely extinguishes a right of action, to allow the doctrine of equitable estoppel to resurrect that extinguished right."); *Dusek v. JP Morgan Chase & Co.*, 132 F. Supp. 3d 1330, 1349 (M.D. Fla. 2015) (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014)) ("The critical distinction between the two statutes is that statute[s] of limitations may be tolled whereas statutes of repose may not, because

the latter 'is a judgment that defendants should be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason.'"). If section 95.11(2)(e) were to be a statute of repose, it would undeniably bar Count 1 as untimely; it has been far more than five years since any loss which may have occurred during the coverage period.

Plaintiffs argue that, although section 95.11(2)(e) runs "from the date of loss," it is still a statute of limitations, which allows for equitable estoppel or tolling. Dkt. 29 at 3. This understanding is consistent with the majority of existing case law, which largely applies section 95.11(2)(e) as a "statute of limitations." *See, e.g.*, *Condo. Ass'n of Golf Villas, II, Inc. v. Fla. Ins. Guar. Ass'n, Inc.*, 412 So. 3d 760, 765 (Fla. 4th DCA 2025) (emphasis added) (referencing 95.11(2)(e) as "the five-year *statute of limitations*"); *Gratkowski v. ASI Preferred Ins. Corp.*, 351 So. 3d 1216, 1222 (Fla. 2d DCA 2022) (emphasis added) ("Pursuant to section 95.11(2)(e), Florida Statutes (2017), the *statute of limitations* for an action for breach of a property insurance contract is five years from the date of loss."); *McMillan v. Cincinnati Ins. Co.*, No. 5:20-cv-72-Oc-30PRL, 2020 WL 5947656, at *3 (M.D. Fla. June 12, 2020) (emphasis added) (referencing 95.11(2)(e) as "the *statute of limitations*"); *The Jacqueline Norris Huggett v. Ironshore Specialty Ins. Co.*, No. 18-21467-CIV, 2018 WL 8359643, at *5 (S.D. Fla. July 18, 2018) (emphasis added)

5

(quoting Fla. Stat. § 95.11(2)(e)) ("The *statute of limitations* in a breach of property insurance contract is five years, 'with the period running from the date of loss.'").

The 2014–2015 Insurer Defendants, however, claim that section 95.11(2)(e) must be a statute of repose because it runs "from the date of loss." Dkt. 17 at 9. These Defendants cite to *Donovan v. Fla. Peninsula Ins. Co.*, where the Florida appeals court wrote in a footnote that "it appears that section 95.11(2)(e) is actually a statute of repose, as it provides for a particular event that starts the limitations period running." 147 So. 3d 566, 568, n.2 (Fla. 4th DCA 2014). Further, these Defendants cite to an unpublished Eleventh Circuit case, where the court referred to section 95.11(2)(e) as a "five-year statute of repose," but did not apply it as such. *Cresthaven Ashley Master Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 23-12761, 2024 WL 3690863, at *3 (11th Cir. Aug. 7, 2024). Beyond these two cases, the Court could locate no other holdings—Florida, Eleventh Circuit, or otherwise—that referenced or applied section 95.11(2)(e) as a statute of repose.

Here, the 2014–2015 Insurer Defendants seek dismissal based upon the contention that section 95.11(2)(e) is a statute of repose, outright extinguishing Count 1. This may turn out to be true, but the Court prefers to adjudicate this issue on a "fleshed out" record. Plaintiffs stated their intent to "advance equitable arguments if and when Defendants assert a statute of limitations affirmative defense. This will include, among other arguments, . . . equitable tolling[.]" Dkt. 29 at 10.

The better view is to permit the case to develop further before determining this possibly dispositive point. Defendants may raise this issue if they wish in the summary judgment posture.

Accordingly, Defendants' Motion to Dismiss, Dkt. 17, is therefore **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on January 15, 2026.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record